IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WINFIELD,

        Plaintiff,                    No. 2:13-cv-0851 EFB P[1]

       vs.

JACOB ADAMS,

ORDER

        Defendant.

_____/

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  To proceed with a civil action a plaintiff must pay the filing fee required by 28 U.S.C. § 1914 or request leave to proceed *in forma pauperis* and submit the affidavit and trust account statement required by 28 U.S.C. § 1915(a).  Plaintiff has informed the court that he "will send . . . the forma pauperis papers in about three weeks" and that he "can't afford to pay the fileing [sic] fee."  Dckt. No. 2.  As discussed below, however, the court finds that plaintiff is not eligible to proceed *in forma pauperis*.

---

[1] On May 13, 2013, the undersigned ordered that a district judge be assigned to this action and then recommended that this action be dismissed for failure to exhaust.  Dckt. No. 5.  Thereafter, plaintiff's form indicating his consent to having a United States Magistrate Judge conduct all further proceedings in this case was filed.  Dckt. No. 6.  Accordingly, the court will vacate the May 13, 2013 order and findings and recommendations.  This action shall remain assigned to the undersigned pursuant to plaintiff's consent, and the case number shall be 2:13-cv-0851 EFB.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

A prisoner may not proceed *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). On at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Winfield v. Suliven*, 2:01-cv-0828 LKK EFB P (E.D. Cal. Apr. 16, 2008) (order dismissing action for failure to state a claim); (2) *Winfield v. Downing*, 2:06-cv-0391 GEB JFM P (E.D. Cal. Mar. 16, 2007) (order dismissing action for failure to state a claim); and (3) *Winfield v. Katcher*, 2:03-cv-2064 GEB GGH P (E.D. Cal. June 24, 2005) (order dismissing action for failure to state a claim). *See also Winfield v. Rappoport*, 2:12-cv-2387 GGH P, 2012 U.S. Dist. LEXIS 141978 (E.D. Cal. Oct. 1, 2012) (order designating plaintiff as a three strikes litigant under 28 U.S.C. § 1915(g)); *Winfield v. Schwarzenegger*, 2:09-cv-0636 KJN P, 2011 U.S. Dist. LEXIS 6981 (E.D. Cal. Jan. 25, 2011) (same); *Winfield v. Seagull*, 2:13-cv-0647 AC, Dckt. No. 3 (Apr. 8, 2013 Order) (same, and noting that since 1991, plaintiff has filed at least 32 civil rights cases in the United States District Court for the Eastern District of California).

Further, it does not appear that plaintiff was under imminent threat of serious physical injury when he filed the complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. Cal. 2007) (section 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at the time of filing). In the complaint, plaintiff seeks $50 million in damages (and no injunctive relief) based on allegations that defendant Adams forced plaintiff to take a psychotropic drug, to which plaintiff is allergic. Dckt. No. 1.[2]  Plaintiff's scant allegations do

---

[2] The court notes that plaintiff made identical allegations against defendants Rappoport, Cooper, and Ruiz in *Winfield v. Rappoport*, No. 2:13-cv-0587 MCE EFB P, Dckt. No. 1.

not *plausibly* demonstrate that he suffered from imminent danger of serious physical injury at the time he filed his complaint. Thus, the imminent danger exception does not apply.

Accordingly, it is hereby ORDERED that;

1. The May 13, 2013 order and findings and recommendations (Dckt. No. 5) are vacated.

2. This action shall remain assigned to the undersigned pursuant to plaintiff's consent (Dckt. No. 6).

3. This action is dismissed without prejudice to re-filing upon pre-payment of the $400 filing fee. *See* 28 U.S.C. §§ 1914(a), 1914 (District Court Miscellaneous Fee Schedule, No. 14), 1915(g).

Dated: May 30, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE